TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Brian F. Moore

Proposed Counsel to the
  Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                            :
In re:                                      :   Chapter 11
                                            :
LOEHMANN'S HOLDINGS, INC., *et al.*,        :   Case No. 10-16077 through 10-16081 [REG]
                                            :
                    Debtors.                :   (Motion for Joint Administration
                                            :    Pending)
-------------------------------------------------------------X

**MOTION FOR ORDER UNDER BANKRUPTCY CODE
SECTIONS 363(c)(1) AND 503(b)(1)(A) (I) GRANTING ADMINISTRATIVE
EXPENSE STATUS TO UNDISPUTED OBLIGATIONS OF VENDORS ARISING
FROM THE POSTPETITION DELIVERY OF GOODS AND RENDERING OF
SERVICES ORDERED PREPETITION AND (II) AUTHORIZING THE DEBTORS
TO PAY SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS**

The debtors and debtors in possession in the above-captioned cases (collectively, "Loehmann's" or the "Debtors")[1] hereby move this Court (the "Motion") for entry of an order annexed hereto as Exhibit "A," under sections 363(c)(1) and 503(b)(1)(A) of title 11 of the United States Code (the "Bankruptcy Code") (i) granting administrative expense status to undisputed obligations of vendors arising from the postpetition delivery of goods and rendering of services ordered prepetition and (ii) authorizing the Debtors to pay such obligations in the ordinary course of business. In support of the Motion, the Debtors rely upon the declaration of Joseph Melvin filed

---

[1] The Debtors are the following entities: Loehmann's Holdings, Inc., Loehmann's, Inc., Loehmann's Real Estate Holdings, Inc., Loehmann's Operating Co., and Loehmann's Capital Corp.

under Local Bankruptcy Rule 1007-2 and in support of the Debtors' Chapter 11 petitions (the "Declaration"), filed with the Court concurrently herewith. In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 363(c)(1) and 503(b)(1)(A).

## BACKGROUND

3. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Declaration, filed concurrently herewith and fully incorporated herein by reference.[2]

4. The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.

## RELIEF REQUESTED

5. By this Motion, the Debtors request that this Court enter an order, under Bankruptcy Code section 363(c)(1) and 503(b)(1)(A), (granting administrative expense status to all undisputed obligations of the Debtors owing to Vendors (as

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Declaration.

defined below) arising from postpetition delivery of goods and postpetition rendering of services ordered prior to the Petition Date and (ii) authorizing the Debtors to pay such obligations in the ordinary course of business.

## BASIS FOR RELIEF

### A. The Debtors' Obligations to Vendors

6. As is common in the retail sector, in connection with the normal operation of the businesses, the Debtors rely on various vendors (collectively, the "Vendors") to provide the Debtors with the goods and services necessary for the Debtors to serve their retail customers.

7. As of the Petition Date, the Debtors have certain prepetition purchase orders outstanding with various Vendors for merchandise, other goods and services ordered by the Debtors (the "Prepetition Orders"). As a consequence of the commencement of these Chapter 11 cases, Vendors may be concerned that the obligations arising from merchandise and goods shipped or services ordered prepetition and delivered or rendered postpetition, pursuant to the Prepetition Orders, will be treated as general unsecured claims against the Debtors' estates.

8. Without the benefit of an order authorizing the Debtors to pay for postpetition deliveries of goods and performances of services governed by the Prepetition Orders, Vendors may refuse to ship such goods (or may recall shipments thereof) or perform services under Prepetition Orders unless the Debtors issue substitute purchase orders postpetition. These requests would unnecessarily delay the delivery of goods and rendering or services and create uncertainty in the vendor community. The granting of this Motion would allay concerns and facilitate a smooth transition into Chapter 11.

9. Allowing for the "seamless" transition of their bankruptcy cases and continued "business as usual" during the what Debtors anticipate will be a brief period prior to plan confirmation will preserve the enterprise value upon which the Plan is predicated. A fundamental aspect of the Debtors' efforts to minimize disruption during the Chapter 11 process is the ability to preserve and sustain their relationships with parties who supply goods and provide services to the Debtors, such as the Vendors. The perception of these Chapter 11 cases by these parties is vital to maintaining the enterprise value of the Debtors' businesses, and ultimately, to the success of the Debtors' reorganization.

## APPLICABLE AUTHORITY

10. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, obligations that arise in connection with the postpetition delivery of necessary goods and rendering of necessary services, including goods and services ordered prepetition, are afforded administrative expense priority status because they enhance the debtor's estate postpetition. In re Chateaugay Corp., 10 F.3d 944, 956 (2d Cir. 1993) (holding an obligation arising from postpetition performance related to prepetition transaction is entitled to administrative expense priority); In re Mammoth Mart, Inc., 536 F.2d 950, 954 (1st Cir. 1976) (same). Thus, the granting of the relief sought herein with respect to goods and services ordered prepetition and delivered or rendered postpetition will not provide the Vendors with any greater priority than they otherwise would have if the relief herein were not granted and will not prejudice any other party in interest.

11. Moreover, the Debtors' satisfaction of undisputed obligations in respect of the Prepetition Orders consistent with their customary practices in equally important and is authorized under 363(b)(1) of the Bankruptcy Code (providing that,

after notice and a hearing, the trustee "may use, sell, or lease, other than in the ordinary course of business, property of the estate"). Any impairment of the Debtors' ability to obtain or access merchandise goods and/or services that are required in the operation of their retail business will impair the Debtors' ability to operate efficiently and comply with customer expectations, adversely affecting the Debtors' ability to preserve enterprise value.

12. Courts have routinely granted to large business debtors the same or substantially similar relief to that requested in this Motion. See, e.g., <u>In re Uno Restaurant Holdings Corp.</u>, et al., Case No. 10-10209 (MG) (Bankr. S.D.N.Y. Jan. 20, 2010); <u>In re General Motors Corp.</u>, et al., Case No. 09-50026 (REG) (Bankr. S.D.N.Y. June 1, 2009); <u>In re Finlay Enters., Inc.</u>, et al., Case No. 09-14873 (JMP) (Bankr. S.D.N.Y. Sept. 3, 2009); <u>In re Bearing Point, Inc.</u>, et al., Case No. 09-10691 (REG) (Bankr. S.D.N.Y. Feb. 18, 2009); <u>In re Silicon Graphics, Inc.</u>, et al., Case No. 06-10977 (BRL) (Bankr. S.D.N.Y. May 10, 2006); <u>In re Footstar, Inc.</u>, et al., Case No. 04-22350 (ASH) (Bankr. S.D.N.Y. Mar. 3, 2004) and (Bankr. S.D.N.Y. Mar. 31, 2004).

13. Finally, any payments made by the Debtors in respect of the Prepetition Orders should not be deemed to constitute a postpetition assumption pursuant to section 365 of the Bankruptcy Code. The Debtors reserve all of their rights under the Bankruptcy Code with respect thereto.

14. Based upon the foregoing, the Debtors submit that the relief requested herein is necessary, appropriate, and in the best interest of the Debtors' estates and creditors and, therefore, should be granted in these Chapter 11 cases.

**NOTICE**

15. Notice of this Motion has been provided by either facsimile, electronic transmission, overnight delivery, or hand delivery to: (i) the United States Trustee for the Southern District of New York; (ii) the entities listed on the Debtors' Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (iii) the entities listed on the Debtors' Consolidated List of Prepetition Secured Creditors; (iv) counsel to the agent for the Debtors' prepetition credit facility and lender under the proposed DIP Financing Facility; (v) the Office of the United States Attorney for the Southern District of New York; (vi) the Office of the Attorney General of New York; (vii) the Internal Revenue Service; and (viii) any parties required to be served under any applicable Bankruptcy Rule or Local Rule. The Debtors submit that, under the circumstances, no other or further notice is necessary.

**NO PRIOR REQUEST**

16. No prior request for the relief requested herein has been made to this or any other Court.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request this Court enter an order, annexed hereto as Exhibit "A" substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: New York, New York
November 15, 2010

LOEHMANN'S HOLDINGS, INC., *et al.*,
By Their Proposed Counsel
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Frank A. Oswald
FRANK A. OSWALD
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10019
(212) 594-5000