TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Brian F. Moore

Proposed Counsel to the
 Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
:
In re: : Chapter 11
:
LOEHMANN'S HOLDINGS, INC., *et al.*, : Case No. 10-16077 (REG)
:
Debtors. : (Jointly Administered)
:
---------------------------------------------------------------X

**DEBTORS' MOTION FOR ORDER
UNDER BANKRUPTCY CODE SECTIONS
105(a), 362, 546(c), AND 546(h) (I) AUTHORIZING
DEBTORS TO RETURN GOODS AND (II) ESTABLISHING
PROCEDURES FOR ADDRESSING RECLAMATION DEMANDS**

The debtors and debtors in possession in the above-captioned cases (collectively, "Loehmann's" or the "Debtors")[1] hereby move (the "Motion") for entry of an order, under sections 105(a), 362, 546(c), and 546(h) of title 11 of the United States Code (the "Bankruptcy Code"), (i) authorizing, but not directing, the Debtors to return goods to vendors under Bankruptcy Code section 546(h); and (ii) establishing procedures for addressing reclamation demands. In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

---

[1] The Debtors are the following entities: Loehmann's Holdings, Inc., Loehmann's, Inc., Loehmann's Real Estate Holdings, Inc., Loehmann's Operating Co., and Loehmann's Capital Corp.

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 362, 546(c) and 546(h).

## BACKGROUND

3. On November 15, 2010 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the declaration of Joseph Melvin filed under Local Bankruptcy Rule 1007-2 and in support of the Debtors' Chapter 11 petitions (the "Declaration"), filed on the Petition Date and fully incorporated herein by reference.[2]

4. The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.

## RELIEF REQUESTED

5. By this Motion, and in order to obtain and ensure timely delivery from their suppliers and vendors (together, the "Vendors") of inventory, goods, products and related items (collectively, the "Goods"), the Debtors seek entry of an order:

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Declaration.

(a) Authorizing, but not directing, the Debtors, under Bankruptcy Code section 546(h), to return Goods purchased from Vendors by the Debtors prior to the Petition Date, for credit against such Vendors' prepetition claims;

(b) Establishing procedures for reconciliation of claims made by Vendors who make written reclamation demands for Goods delivered prior to the Petition Date in accordance with Bankruptcy Code section 546(c); and

(c) Prohibiting Vendors and other third parties from reclaiming or preventing delivery of goods or products to the Debtors and confirming that, under Bankruptcy Code sections 105 and 362, third parties are stayed and prohibited from interfering with the delivery of goods and products to the Debtors.

## BASIS FOR RELIEF

6. Absent the relief requested in this Motion, the Debtors would be required to expend substantial time and limited resources (a) establishing their right to retain the Goods; (b) contesting or litigating reclamation demands; and/or (c) enforcing their rights with respect to Goods in transit.

7. As a result, there would be a delay and/or disruption in the continuous flow of Goods to the Debtors. Any such material delay or disruption would, in turn, cause considerable harm to the Debtors' business and retail operations, thereby imperiling the Debtors' restructuring efforts. Consequently, the relief requested herein is in the best interests of the Debtors, their estates, and their creditors.

**A.    Return of Goods**

8. In the ordinary course of business, the Debtors receive various Goods that may not be up to standards, defective, or otherwise not suitable or necessary for their retail operations. In such circumstances, the Debtors return such Goods to Vendors for credit or other Goods. Notwithstanding the filing of these cases, and the distinction between prepetition and postpetition claims, the Debtors request that they

3

be permitted, in their discretion, to return Goods that were delivered postpetition based on Outstanding Orders for credit against such Outstanding Orders, if the Debtors determine that such Goods of are little or no value to the Debtors' estates.

9. The Debtors submit that an order approving returns to Vendors for credit against their prepetition claims, subject to the limitations imposed by any orders of this Court and the prior rights of holders of security interests in such Goods or the proceeds of such Goods under (a) the Debtors' proposed debtor in possession financing, and prepetition credit agreement, to the extent of such interests, is in the best interests of the Debtors' estates.  Such relief will enable the Debtors to (a) obtain proper credit for otherwise unusable Goods, cost-effectively and without undue financial risk and (b) effectively manage inventory, enhancing the Debtors' financial performance and their ability to maximize the value of their estates.

**B.    Procedures for Reconciliation of Reclamation Claims**

10. The Debtors believe that many Vendors will attempt to assert their right to reclaim Goods delivered to the Debtors shortly before or soon after the Petition Date.  In the absence of approved procedures for orderly processing and reconciling such demands (the "Reclamation Demands"), the Debtors' operations and access to much needed materials and goods might be disrupted.  In addition, given recent changes to the Bankruptcy Code, including the grant of administrative priority to the claims of certain vendors under Bankruptcy Code section 503(b)(9), the Debtors may be put in a position of inadvertently paying for such Goods twice.

11. Accordingly, the Debtors propose the following procedures for processing and reconciling Reclamation Demands:

(a) Any person making a Reclamation Demand (the "Reclamation Claimant") must send the Reclamation Demand so it is <u>received</u> by the Debtors no later than the day that is twenty (20) days following the Petition Date or such earlier time as may be required under Bankruptcy Code section 546(c) to the following addressees: Kurtzman Carson Consultants LLC , 2335 Alaska Avenue, El Segundo, CA 90245 (Attn: Loehmann's Reclamation) with a copy to Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119 (Attn: Frank Oswald, Esq.);

(b) All Reclamation Demands must include all information required by the Uniform Commercial Code or Bankruptcy Code Section 546(c) with respect to the Goods for which the Reclamation Demand is asserted (including, without limitation, identifying with specificity the Goods for which reclamation is sought and the basis for the Reclamation Demand) and the following: (i) whether the Reclamation Claimant has or will assert an administrative claim under Bankruptcy Code section 503(b)(9) for the value of Goods the Reclamation Claimant provided to the Debtors within the twenty (20) days immediately prior to the Petition Date (a "503(b)(9) Claim"), (ii) the amount of any 503(b)(9) Claim the Reclamation Claimant intends to assert and (iii) an identification of which Goods, if any, were received by the Debtors within the last twenty (20) days before the Petition Date;

(c) After receipt of all timely Reclamation Demands and an opportunity to review such demands (including, without limitation, whether the demand is subordinate to the prior rights of a holder of a security interest in the applicable Goods or the proceeds thereof) but, absent further order of the Court, no later than 150 days after the Petition Date (the "Reclamation Notice Deadline"), the Debtors will file one or more notices (each, a "Reclamation Notice"), listing the Reclamation Demands and the amount (the "Reclamation Amount"), if any, that the Debtors determine to be valid for each such Reclamation Demand;

(d) The Debtors will serve the Reclamation Notice on the following parties (collectively, the "Notice Parties"): (i) each Reclamation Claimant that is subject to the Reclamation Notice at the address indicated in its Reclamation Demand; (ii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), Manhattan Office, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn:

Tracy Hope Davis); (iii) counsel to any official committee of unsecured creditors appointed in these cases; and (iv) Proskauer Rose LLP, 1585 Broadway, New York, NY 10036, counsel to Crystal Financial LLC, agent for the Debtors' prepetition senior secured lenders and proposed postpetition lenders (Attn: Jeffrey Levitan);

(e) If the Debtors fail to file a Reclamation Notice with respect to a Reclamation Demand, the maker of such Reclamation Demand may bring a motion on its own behalf to seek relief with respect to its Reclamation Demand until the expiration of the Reclamation Notice Deadline (or such later time set by order of the Court);

(f) All Notice Parties shall have the right and opportunity to object to the proposed allowance of Reclamation Amounts in respect of Reclamation Demands, as set forth in a Reclamation Notice;

(g) Any Reclamation Amount that is included in a Reclamation Notice and is not the subject of an objection within 30 days after service of the Reclamation Notice, shall be deemed a valid reclamation claim (a "Reclamation Claim") allowed by the Court in the Reclamation Amount set forth in the Reclamation Notice; provided, that all issues relating to the treatment of any such allowed Reclamation Claim shall be reserved;

(h) Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole discretion, with any Reclamation Claimant and to seek an agreement with any Reclamation Claimant to resolve its Reclamation Demand. If the Debtors and a Reclamation Claimant are able to agree on the validity, amount and/or treatment of the Reclamation Claimant's Reclamation Demand, the Debtors shall prepare a notice of settlement (the "Settlement Notice"), file it with the Court and serve such Settlement Notice on the Notice Parties. The Notice Parties shall have fourteen days from the date of the Settlement Notice to file with the Court an objection thereto (a "Settlement Objection"). All Settlement Objections must be served so as to be received by the Debtors, the Debtors' counsel and the Notice Parties at the addresses set forth above within the fourteen day objection period;

(i) If no Settlement Objection with respect to a Settlement Notice is timely filed and served, the Reclamation Demand at issue shall be allowed and treated in accordance with the Settlement Notice without further order of the Court. If a

6

Settlement Objection with respect to a Settlement Notice is timely filed and served, the parties may negotiate a consensual resolution of such Settlement Objection to be incorporated in a stipulation filed with the Court (a "Settlement Stipulation"). Upon the filing of a Settlement Stipulation, the applicable Reclamation Demand shall be allowed and treated in accordance with the terms of the Settlement Stipulation without further order of the Court. If no consensual resolution of a Settlement Objection is reached within 30 days after the date of the Settlement Objection, unless such period is extended by mutual agreement of the Debtors and the party filing the Settlement Objection, the party filing the Settlement Objection shall thereafter file a motion for the Court to resolve the Settlement Objection; and

(j) Nothing in the Reclamation Procedures shall modify the automatic stay of section 362(a) of the Bankruptcy Code with respect to any Goods. Without limiting the foregoing, no Vendor shall be entitled to obtain possession of any Goods without first filing a motion with the Court for relief from the automatic stay or obtaining the prior express written consent of the Debtors. The Debtors and all other parties in interest reserve all rights to object to any such motion for relief from the automatic stay. Vendors shall be prohibited from seeking relief from the stay with respect to any Reclamation Demand or Goods until the earlier of (i) a Reclamation Notice is filed by the Debtors with respect to such Reclamation Demand or (ii) 45 days after the Petition Date (or such later date set by the Court).

12. Except as explicitly provided herein, the Debtors do not waive, and expressly reserve, their right to assert any and all defenses to a Reclamation Demand.

C. **Confirming Stay of Third Parties**

13. Bankruptcy Code section 362 prohibits third parties from taking actions to, among other things, obtain or exercise control over property of the estate. Moreover, Bankruptcy Code section 105 permits this Court to enter any order necessary or appropriate to carry out the provisions of the Bankruptcy Code. As set forth above, the Debtors' ability to receive the Goods is critical to the continued operation of the Debtors' business. Moreover, as discussed below, the automatic stay of Bankruptcy

7

Code section 362 prohibits any attempts to gain possession of the Goods, absent relief from this Court.

14. Thus, the Debtors request that the Court confirm that a Reclamation Claimant or any other third party is prohibited from seeking to reclaim Goods that have already been delivered, or from interfering with the delivery of Goods presently in transit to the Debtors, absent further order of this Court granting relief from the automatic stay. Such relief is both necessary and appropriate under the circumstances and will facilitate uninterrupted operation of the Debtors' national retail business.

## APPLICABLE AUTHORITY

**A. Bankruptcy Code Section 546(h) Permits The Debtors To Return Goods As Requested In The Motion.**

15. Bankruptcy Code section 546(h) permits a debtor, with the consent of a creditor and subject to the prior rights of holders of security interest in such goods or the proceeds of such goods, to return goods shipped to the debtor by the creditor before the commencement of the case, for credit against the creditor's prepetition claim, provided that the Court determines (on a motion made no later than 120 days after the order for relief and after notice and hearing) that such return is in the best interests of the estate.

16. The purpose of Bankruptcy Code section 546(h) is to "relieve the bankruptcy estate of the burden of keeping unwanted or unsalable goods, and relieve the estate of unnecessary liabilities." 138 Cong. Rec. S8241-01, at S8265-66 (daily ed. June 16, 1992) (statement of Sen. Heflin), 1992 WL 132641. The consensual return to vendors of damaged or unnecessary goods will thus "permit more efficient reorganizations of bankruptcy debtors." Id. at S8266 (statement of Sen. Heflin).

17. Through the Motion, the Debtors seek only the relief to which they are entitled under Bankruptcy Code section 546(h). Accordingly, the Debtors should be permitted to return Goods, in their discretion, as permitted by the Bankruptcy Code and as set forth herein.

**B.  The Procedures For Reconciliation Of Reclamation Claims Are Appropriate Under Bankruptcy Code Sections 105(a) And 546(c) And Necessary To Prevent An Inadvertent Duplicative Payment Of Claims Under Bankruptcy Code Section 503(b)(9).**

18. As set forth above, the procedures proposed herein are necessary for the Debtors to process and review, in an efficient and cost-effective manner, the Reclamation Demands of Reclamation Claimants. In addition, the procedures are critical to the Debtors' efforts to avoid inadvertently paying Reclamation Claimants twice for the same claim.

19. Specifically, Bankruptcy Code section 503(b)(9) provides that claims for goods received by a debtor in the ordinary course within twenty (20) days of the Petition Date, are entitled to administrative priority. 11 U.S.C. § 503(b)(9). However, absent approval of the procedures set forth herein, including the requirement that Reclamation Claimants set forth in their Reclamation Claims whether they will seek a 503(b)(9) Claim, the amount of such claim, if any, and an identification of the Goods delivered within twenty (20) days of the Petition Date, the Debtors may inadvertently pay Reclamation Claimants twice: once as Reclamation Claims and again as 503(b)(9) Claims.

20. Bankruptcy Code section 105 permits the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). In the event that numerous reclamation demands are received, as the Debtors anticipate, the Debtors and their professionals would be

9

unnecessarily distracted from the sale process to the detriment of the Debtors and their estates. Moreover, as noted above, in light of the many pressing demands that the Debtors and their professionals will have in the weeks following the Petition Date, the procedures set forth herein will allow the Debtors to fully evaluate any Reclamation Claims received and coordinate this evaluation with the Debtors' review of any 503(b)(9) Claims.

**C.   Bankruptcy Code Sections 105 And 362 Support Entry Of An Order Prohibiting Reclamation Claimants From Seeking To Reclaim Goods That Have Already Been Delivered Or Interfering With Goods Already In Transit To The Debtors, Absent Further Relief From The Court.**

21.   Bankruptcy Code section 546(c)(1) authorizes vendors who have delivered goods to a debtor in the ordinary course of business to reclaim such goods, subject to certain requirements, that: (a) the debtor was insolvent when the goods were received; (b) the goods were received by the debtor within 45 days before the petition date; (c) the seller demanded reclamation in writing; and (d) such demand was made within 45 days after the debtor received possession of the goods (or within 20 days if the 45-day period would expire after the Petition Date). See 11 U.S.C. § 546(c)(1); cf. In re Dana Corp., 367 B.R. 409, 413 (Bankr. S.D.N.Y. 2007) ("[R]eclamation is actually 'a misnomer, as seldom if ever is property actually returned or reclaimed in a reorganization case in lieu of other available relief.'") (quoting Crown Quilt Corp. v. HRT Indus., Inc., 29 B.R. 861, 862 (Bankr. S.D.N.Y. 1983)).

22.   However, Bankruptcy Code section 546 does not include a waiver of the automatic stay protection afforded by Bankruptcy Code section 362. Accordingly, the automatic stay prohibits reclamation efforts without leave of court. See 11 U.S.C. § 362; see also In re Waccamaw's HomePlace, 298 B.R. 233, 237 (Bankr. D.

Del. 2003) ("Obviously, with the filing of the petition, the automatic stay of § 362(a) barred any seller from taking any possessory action.").

23. As set forth herein, the Debtors are waiving none of their defenses to any Reclamation Claims. However, provided that Reclamation Claimants first obtain relief from the automatic stay, as required by the Bankruptcy Code, the procedures will not prevent such claimants from exercising or attempting to exercise their purported rights to reclaim possession of Goods under Bankruptcy Code section 546(c).

24. Courts have routinely granted to large business debtors the same or substantially similar relief to that requested in this Motion. <u>See</u>, <u>e.g.</u>, <u>In re Chrysler LLC, et al.</u>, Case No. 09-5002 (AJG) (Bankr. S.D.N.Y. May 5, 2009); <u>In re Dana Corp., et al.</u>, Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. Mar. 29, 2006); <u>In re Delphi Corp., et al.</u>, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Oct. 14, 2005); <u>In re Winn-Dixie Stores, Inc., et al.</u>, Case No. 05-11063 (RDD) (Bankr. S.D.N.Y. Feb. 22, 2005); <u>In re Tweeter Home Entm't. Group, Inc., et al.</u>, Case No. 07-10787 (PJW) (Bankr. D. Del. June 14, 2007); <u>In re Fortunoff Fine Jewelry and Silverware, LLC, et al.</u>, Case No. 08-10353 (JMP) (Bankr. S.D.N.Y. Feb. 29, 2008).

25. The Debtors submit that the present circumstances warrant similar relief in these Chapter 11 cases.

26. The Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As described above, the relief that the Debtors seek in this Motion is immediately necessary in order for the Debtors to be able to continue to operate their business and preserve value for their estates. The Debtors respectfully request that the Court waive the fourteen-day stay imposed by

11

Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## NOTICE

27. Notice of this Motion has been provided by overnight mail to: (i) the United States Trustee for the Southern District of New York; (ii) the entities listed on the Debtors' Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (iii) the entities listed on the Debtors' Consolidated List of Prepetition Secured Creditors; (iv) counsel to the agent for the Debtors' prepetition credit facility and proposed DIP Financing Facility; (v) the Office of the United States Attorney for the Southern District of New York; (vi) the Office of the Attorney General of New York; (vii) the Internal Revenue Service; and (viii) any parties required to be served under any applicable Bankruptcy Rule or Local Rule. The Debtors submit that, under the circumstances, no other or further notice is necessary.

## NO PRIOR REQUEST

28. No prior request for the relief requested herein has been made to this or any other Court.

# CONCLUSION

WHEREFORE, the Debtors respectfully request this Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: New York, New York
November 16, 2010

        LOEHMANN'S HOLDINGS, INC., *et al.*,
        By Their Proposed Counsel
        TOGUT, SEGAL & SEGAL LLP
        By:

        /s/ Frank A. Oswald
        FRANK A. OSWALD
        A Member of the Firm
        One Penn Plaza, Suite 3335
        New York, New York 10019
        (212) 594-5000