TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
Suite 3335
New York, New York 10119
(212) 594-5000
Frank A. Oswald
Brian F. Moore
James J. Lee

Proposed Counsel to the
 Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
In re:                                                      :    Chapter 11
                                                            :
LOEHMANN'S HOLDINGS, INC., *et al.*,                        :    Case No. 10-16077 (REG)
                                                            :
                                  Debtors.                  :    (Jointly Administered)
                                                            :
                                                            :
------------------------------------------------------------X

### DEBTORS' MOTION PURSUANT TO
### SECTION 365(d)(4) OF THE BANKRUPTCY CODE TO
### EXTEND THE PERIOD WITHIN WHICH THE DEBTORS MAY ASSUME
### OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

The debtors and debtors in possession in the above-captioned case (collectively, "Loehmann's" or the "Debtors")[1] hereby move for entry of an order, pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), extending the period within which the Debtors may assume or reject unexpired leases of nonresidential real property. In support of the Motion, the Debtors rely on and incorporate by reference the declaration of Joseph Melvin under Local Bankruptcy Rule 1007-2 and in support of the Debtors' Chapter 11 petitions (the "Melvin Declaration") [Dkt No. 3], filed with the Court on the Petition Date (defined below). In

---

[1] The Debtors are the following entities: Loehmann's Holdings, Inc., Loehmann's, Inc., Loehmann's Real Estate, Inc., Loehmann's Operating Co., and Loehmann's Capital Corp.

further support of the Motion, the Debtors, by and through their undersigned proposed attorneys, respectfully state as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is Bankruptcy Code section 365(d)(4).

**BACKGROUND**

3. On November 14, 2010 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Melvin Declaration.[2]

4. The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108.

5. On the Petition Date, the Debtors, their Supporting Secured Noteholders, and Istithmar (their prepetition equity sponsor) entered into a Restructuring Support Agreement ("RSA") and Investment Commitment Letter ("ICL"). The term sheet attached to the RSA sets forth the terms for the proposed joint Chapter 11 plan of reorganization for the Debtors (the "Plan"), which is expected to be filed on or before December 1, 2010; the term sheet accompanying the ICL sets forth the

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Declaration.

2

essential terms and conditions for, among other things, a $25 million investment to be made in Reorganized Loehmann's upon emergence from Chapter 11. For the reasons set forth in the Melvin Declaration, the Debtors' cases are on an accelerated track which requires that they confirm a Chapter 11 plan in February 2011.

6. Additionally, on the Petition Date, the Debtors filed a motion for interim and final orders authorizing them to enter into a $45 million debtor-in-possession senior secured revolving credit facility (the "DIP Facility") with Crystal Financial LLC ("Crystal"), as the lender (the "DIP Lender") and agent of the DIP Facility. Crystal was the Debtors' prepetition lender as well. An Order approving the DIP Facility on an interim basis was entered by this Court on November 16, 2010. A hearing to consider approval of the DIP Facility on a final basis is scheduled for December 6, 2010. Under the DIP Facility, the Debtors are responsible for certain affirmative covenants; specifically the Debtors are required, among other milestones, to seek and obtain Court approval, within 45-days of the Petition Date, of their time to assume or reject each of their unexpired leases of nonresidential real property (the "Real Property Leases") until 210 days after the Petition Date (i.e., June 12, 2011). Failure to achieve this milestone is an event of default under the DIP Facility.

**RELIEF REQUESTED**

7. Pursuant to section 365(d)(4)(B) of the Bankruptcy Code, the current deadline for the Debtors to assume or reject the Real Property Leases is March 14, 2011. By this motion, and in furtherance of the affirmative covenant under the DIP Facility to obtain, within 45-days of the Petition Date, an extension of the time to assume or reject the Real Property Leases, the Debtors request an extension of the date by which the Debtors may assume or reject to and including June 12, 2011.

3

## CAUSE EXISTS TO EXTEND THE PERIOD WITHIN WHICH THE DEBTORS MAY ASSUME OR REJECT THE REAL PROPERTY LEASES

8. Cause exists to extend the time within which the Debtors must assume or reject the Real Property Leases because such an extension would avoid a default under the DIP Facility.

9. Section 365(d)(4) of the Bankruptcy Code provides, in pertinent part:

> An unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of -- (i) the date that is 120 days after the date of the order for relief; or (ii) the date of the entry of an order confirming a plan.

11 U.S.C. § 365(D)(4). Thus, a debtor's unexpired leases of nonresidential real property that are not assumed within the initial 120 days of filing its chapter 11 case are deemed rejected.

10. In determining whether cause exists to extend the initial 120-day period under section 365(d)(4), courts have considered the following factors:

(i) whether the debtor was paying for the use of the property;

(ii) whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;

(iii) whether the lease is the debtor's primary asset;

(iv) whether the debtor has had sufficient time to formulate a plan of reorganization;

(v) whether the case is complex; and

(vi) the number of leases that the debtor must evaluate.

See, e.g., In re Burger Boys, inc., 94 F.3d 755, 761-62 (2d Cir. 1996); In re Wedtech Corp., 72 B.R. 464, 471-73 (Bankr. S.D.N.Y. 1987); Legacy, Ltd. v. Channel Home Ctrs., Inc., 989

4

F.2d 682, 689 (3d Cir.), cert denied, 510 U.S. 865 (1993) ("[N]othing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop."); In re Unit Portions of Del., Inc., 53 B.R. 83, 85 (Bankr. E.D.N.Y. 1985) ("Congress recognized that there may be time when it is not possible for the trustee to make a careful and informed assessment of the benefits and burdens of the lease within this 60 day period. Accordingly, it empowered the court to grant a trustee who demonstrates cause for an extension of additional time to make this assessment.").

11. Applying these factors to these cases demonstrates that cause exists to extend the deadline contained in section 365(d)(4) for these Debtors.

12. First, the terms of the DIP Facility require that the Debtors obtain an extension of their time to assume or reject the Real Property Leases within 45-days of the Petition Date. Without the DIP Facility, the Debtors' reorganization efforts will fail, as the funds provided thereunder are absolutely necessary to maintain business operations while the Debtors move forward at an expedited pace to file and confirm a plan of reorganization. There is no doubt that failure to obtain the extension of time to assume or reject the Real Property Leases, and thus creating a default under the DIP Facility, will jeopardize the entire reorganization process.

13. Second, in compliance with section 365(d)(3), the Debtors intend to remain current with their undisputed postpetition obligations under the Real Property Leases. The Debtors also intend to pay the "stub-rent" owing for the period commencing on the Petition Date through November 30, 2010.

14. Finally, granting an extension of time will not adversely affect any lessor under a Real Property Lease as the Debtors intend to remain current on their

5

postpetition rent obligations and to address the assumption and rejection of all of their contracts and leases as part of the plan confirmation process. Moreover, the proposed order granting this Motion provides that any lessor, upon a showing of cause, may request that the Court compel the Debtors to assume or reject that lessor's lease at an earlier time.

15.     The relief similar to the relief requested herein has been granted by courts in this district as well as by courts in other districts. See In re Finlay Enterprises, Inc., Case No. 09-14873 (JMP) (Bankr. S.D.N.Y. Aug. 5, 2009); In re Stone Barn Manhattan LLC, et al., Case No. 08-12579 (ALG) (Bankr. S.D.N.Y. Oct. 17, 2008); In re Lexington Precision Corp., et al., Case No. 08-11153 (MG) (Bankr. S.D.N.Y. July 29, 2008); In re Sharper Image Corp., Case No. 08-10322 (KG) (Bankr. D. Del. June 17, 2008); In re Our Lady of Mercy Medical Center, et al., Case No. 07-10609 (REG) (Bankr. S.D.N.Y. Mar. 7, 2007); In re Formica Corporation, Case No. 02-10969 (BRL) (Bankr. S.D.N.Y. May 2, 2002) (approving the period for assumption or rejection through the date of plan confirmation); In re Ames Department Stores, Inc., Case No. 01-42217 (REG) (Bankr. S.D.N.Y. Dec. 5, 2001) (same).

## NOTICE

16.     Notice of this Motion has been provided to all counter parties to the Real Property Leases and all other parties entitled to receive notice pursuant to the Order of the Court dated November 17, 2010 establishing certain notice, case management and administrative procedures (the "Case Management Order"). The Debtors submit that, under the circumstances, no other or further notice is necessary.

## NO PRIOR REQUEST

17. No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request this Court enter an order, substantially in the form annexed hereto as Exhibit "A," and granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: New York, New York
November 22, 2010

LOEHMANN'S HOLDINGS, INC., *et al.*
By their Proposed Counsel
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Frank A. Oswald
FRANK A. OSWALD
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10019
(212) 594-5000